IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODERICK BERNARD HUNTER, 36468-177,   ) | |
|        Petitioner,                                                      ) | |
| v.                                                                                  ) | 3:10-CV-107-M |
|                                                           ) | 3:07-CR-211-M-(4) |
| UNITED STATES OF AMERICA,                         ) | |
|        Respondent. | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

        On January 11, 2008, Petitioner pled guilty to one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On May 9, 2008, he was sentenced to 70 months imprisonment and three years supervised release. On March 17, 2009, the Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Hunter*, 314 Fed. Appx. 734 (5th Cir. 2009) (unpublished).

        On January 20, 2010, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2255. He argues:

        1.      His guilty pleas was involuntary due to ineffective assistance of counsel;

        2.      The trial court erred in failing to strike all of Petitioner's *pro se* motions;

3. He received ineffective assistance of trial counsel when counsel failed to argue that the court should strike all of Petitioner's *pro se* motions; and

4. He received ineffective assistance of appellate counsel when counsel failed to argue that the trial court should have stricken all of Petitioner's *pro se* motions.

On April 1, 2010, the government filed its answer. On August 1, 2011, Petitioner filed a traverse. The Court now determines the petition should be denied.

## II.  Discussion

### 1.  Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

### A.  Guilty Plea

Petitioner argues his counsel coerced him into pleading guilty by promising him that if he pled guilty, he would receive a reduction in sentence for acceptance of responsibility. Petitioner attaches a December 20, 2007, letter from his counsel that states in part: "I think you should reconsider a plea agreement. It would guarantee a reduction of acceptance of responsibility." (Pet. Ex. A.) Petitioner did not receive a reduction for acceptance of responsibility because he did not plead guilty until the day before trial, and he obstructed justice by filing materially false *pro se* motions and by making, or causing to be made, a false police report that the vehicle involved in the robbery was stolen. (PSR ¶ 24; Sent. Tr. at 2-5; 23.)

The record reflects, however, that Petitioner voluntarily entered his guilty plea. The Court informed Petitioner of the charges and the maximum sentence. (Plea Tr. at 9-10.) Petitioner stated he was not promised anything outside the plea agreement in exchange for his guilty plea, and that he was not coerced into pleading guilty. (*Id*. at 6-7.) Petitioner stated he read and signed the factual resume. (*Id*. at 17.) Petitioner stated he understood that his sentence

would be determined by the District Judge. (*Id*. at 15.) Additionally, the Magistrate Judge instructed Petitioner that he should not rely on any promise or statement by anyone as to what his sentence would be, because his sentence would be determined by the District Judge. (*Id*. at 6). Petitioner has failed to show his guilty plea was involuntary. This claim should be denied.

### B. *Pro Se* Motions

Petitioner argues his trial and appellate counsel were ineffective because they failed to argue that the Court should strike all of Petitioner's *pro se* motions. Petitioner states he received points for obstruction of justice because of statements made in his *pro se* motions. In his *pro se* motions, Petitioner claimed he was not involved in the conspiracy to rob the bank. The Court stated at sentencing, however, that Petitioner received obstruction of justice points for two reasons. First, he either filed, or caused to be filed, a false police report regarding the vehicle used in the robbery. (Sent. Tr. at 23.) The Court determined that Petitioner made this false police report to cause law enforcement not to focus on him as a suspect. (*Id*.) Second, he filed the *pro se* motions making false statements of material fact to the Court. There is no evidence that had his counsel moved to strike all of these motions, Petitioner would not have received obstruction of justice points. Petitioner has failed to show his trial and appellate counsel were constitutionally deficient.

### 2. Trial Error

Petitioner argues the trial court committed error when it did not strike all of his *pro se* motions. Respondent argues this claim was waived by the plea agreement. In his traverse, Petitioner concedes that he waived this claim. (Traverse at 1.) This claim should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 15th day of August, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).